REBECCA LILIEN & others *vs.* BARBARA R. BIBBY & another.

Bristol.    March 8, 1960. — June 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Contributory, Imputed, Motor vehicle.    *Evidence,* Relevancy and materiality.    *Practice, Civil,* New trial.

In an action arising from a collision at dusk one rainy evening between an automobile occupied by the plaintiffs proceeding northerly on a main highway and the defendant's automobile proceeding southerly when the defendant turned to his left to enter a street which intersected the highway on the plaintiffs' right, where there was conflicting testimony as to whether or not the headlights of each automobile had been lighted, evidence warranted a finding of contributory negligence on the part of the plaintiff operator in that she failed to exercise reasonable care to avoid the collision, but did not warrant a finding of contributory negligence on the part of her three young children, the other plaintiffs. [150–151]

At the trial of an action arising from a collision between the plaintiff's automobile and the defendant's automobile on a main highway at dusk one rainy evening, where there was conflicting testimony as to whether or not the headlights of each automobile had been lighted, there was no error in permitting the defendant to elicit testimony from the plaintiff that there was "nothing about lights" in her answer to the defendant's interrogatory to her "How did the accident occur, stating what you did and what happened to you in the order in which the events took place." [151]

Lilien *v.* Bibby.

At the trial of an action by a mother and her three young children for personal injuries respectively sustained in an automobile accident, there was no error in the admission of testimony elicited by the defendant relating to injuries claimed to have been received by the plaintiffs in another automobile accident occurring some two years after the accident in question. [151]

At the trial of an action arising from a collision between the plaintiff's automobile and the defendant's automobile on a main highway at dusk one rainy evening, where there was conflicting testimony as to whether or not the headlights of each automobile had been lighted and the defendant on cross-examination of the plaintiff elicited testimony that the plaintiff's answer to an interrogatory as to how the accident occurred had contained "nothing about lights," no reversible error appeared in excluding the plaintiff's answer to the interrogatory when it was offered by the plaintiff on redirect examination. [152]

There was no error at the trial of an action arising from a collision of automobiles in allowing a police officer who arrived at the scene shortly after the accident to testify as to what he noticed there and that he had a diagram in his pocket on which he had made reference to an important fact. [152]

In an action arising from a collision of automobiles, there was no abuse of discretion in the denial by the trial judge of a motion for a new trial based on newly discovered evidence where it appeared that such evidence was substantially cumulative of evidence introduced at the trial, was not of decisive importance, and was discovered almost three years after the accident by a private investigator and as a result of an advertisement inserted in a local newspaper after the trial. [152–153]

Tort. Writ in the Fourth District Court of Bristol dated August 17, 1956.

Upon removal to the Superior Court, the action was tried before *Welsh,* J., a District Court judge sitting under statutory authority.

*Morris Michelson,* for the plaintiffs.

*Charles R. Desmarais,* for the defendants.

Williams, J. This is an action of tort by four plaintiffs against two defendants arising from a collision of automobiles on South Washington Street, North Attleboro, on October 15, 1955. The plaintiffs are Rebecca Lilien, the owner and operator of one of the cars, and her three minor children, Lila, Marsha and Ruth, who at the time of the accident were aged respectively thirteen, ten and eight, and were passengers in their mother's car. The defendants are

Barbara R. Bibby, who was the owner of the other car, and her son Richard Bibby, who was operating it.

The plaintiffs' declaration contains ten counts, five against each defendant. Counts 1 and 3 are by Mrs. Lilien for personal injuries and counts 2 and 4 by her for property damage. Counts 5 and 6 are by Lila, counts 7 and 8 by Ruth, and counts 9 and 10 by Marsha, all for personal injuries.

There was evidence that Mrs. Lilien was driving her car north on South Washington Street which is a main highway having two ten foot cement lanes with a line between them and tar shoulders. It was about 6 P.M., "getting dusk" and raining heavily. Mrs. Lilien testified that there was a line of traffic and that she was in the easterly lane. She was about a "car length" beyond Chestnut Street which intersected South Washington Street on her right when she saw ahead of her about fifteen yards distant the Bibby car coming toward her at an angle. It was "on her side of the center of the road." She stopped in a car's length and the Bibby car struck her car on its left front and side.

Bibby testified that he was driving his mother's car south. He turned to his left to enter Chestnut Street and as soon as he crossed the center of the road he saw the Lilien car "right in front of him" and "went right into it." He did not put on his brakes. There was a conflict of testimony in respect to each car as to whether its headlights were lighted. Whether the accident was more than one half hour after sunset did not appear. See G. L. c. 90, § 7.

The jury returned a verdict for the defendant on each count. There are exceptions by each plaintiff to rulings on evidence, to the denial of a request that the jury be instructed that there was no evidence of her negligence, and to the denial of two motions for a new trial.

There was no error in refusing to grant Mrs. Lilien's request for instructions. Although there was little evidence from which it could be found that she was at fault, it was for the jury to determine whether she exercised reasonable care to avoid the collision. We think that the judge erred

in refusing to give the instruction requested by each of the children. It could not be found that the defendants sustained their burden of proving that any one of them failed to exercise reasonable care for her safety. *Elfman* v. *Kronenberg*, 299 Mass. 492, 494–495. It did not appear that any child could, after having realized the danger of the collision, have taken effective means to prevent it. *Dinardi* v. *Herook*, 328 Mass. 572, 576. Contributory negligence of the mother was not imputable to her daughters. G. L. c. 231, § 85D, inserted by St. 1945, c. 352, § 1. *Feaver* v. *Railway Exp. Agency, Inc.* 324 Mass. 165, 168.

In the course of the trial counsel for the defendants read to Mrs. Lilien the defendants' interrogatory to her numbered 3, "How did the accident occur, stating what you did and what happened to you in the order in which the events took place," and asked her, "At any place in your answer did you say there were no lights on the Bibby car?" The witness replied, "There is nothing in the question about lights." Counsel asked her to read her answer to herself and repeated in substance his question, "Is there anything about lack of lights on the Bibby car . . . anywhere in that answer have you said anything about the fact that there were no lights on the Bibby car?" The witness was allowed to answer, subject to the plaintiffs' exceptions, and said, "In that statement there is nothing about lights." The inquiry was permissible. It could be inferred that if the absence of lights on the Bibby car had contributed to the collision Mrs. Lilien would have mentioned the fact in describing how the accident occurred.

The plaintiffs excepted to questions by the defendants to Mrs. Lilien relating to an automobile accident in Florida on December 27, 1957, and to injuries which she then claimed were received by herself and the children. There was no error. It could not have been ruled that such injuries had no bearing on those claimed in the instant trial. There was also no error in denying a motion made by the plaintiffs before resting that all evidence relating to the Florida accident be struck from the record.

On redirect examination of Mrs. Lilien the plaintiffs offered her answer to the defendants' interrogatory numbered 3, "Driving north . . . [on] South Washington Street, North Attleboro, on the right side of the road my car had fully passed the intersection of Chestnut Street and when I saw the car of the defendant coming in the opposite direction and driven on the wrong side of the road I stopped my car and the defendant's car hit my car on the front center and left front." In view of the defendants' earlier inquiry as to whether Mrs. Lilien mentioned in her answer the absence of lights on the Bibby car, the judge might properly have permitted the answer to be read but there was no reversible error in excluding it. There was nothing in it to refute the inference to which we have referred.

There was no error in allowing a sergeant of police who arrived at the scene about 6:15 P.M. to testify that the cars had then been moved, that the lights on the Lilien car were not then lighted, and that he saw mud and dirt on the easterly lane for forty feet beginning five feet beyond Chestnut Street. His testimony that he had a diagram in his pocket on which he had made reference to lights on the Lilien car was unobjectionable.

Two motions of the plaintiffs for a new trial, one because the verdicts were against the law, the evidence and the weight of the evidence, and the other on the ground of newly discovered evidence, were denied. There appears to have been no abuse of discretion. The second motion was based on affidavits by persons who allegedly were discovered almost three years after the accident by a private investigator and as a result of an advertisement inserted after the trial in a local newspaper on September 25, 1958. They related to the absence of lights on the Bibby car, to the presence of lights at low beam on the Lilien car, and to the moving of the cars after the collision. The evidence was substantially cumulative to that introduced at the trial and was not of such importance that the denial of the motion can be said to have resulted in a miscarriage of justice. Moreover, the judge could fairly have found that

there was a lack of diligence in discovering the evidence. *Davis* v. *Boston Elev. Ry.* 235 Mass. 482, *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 505–506, 507.

*Exceptions of Rebecca Lilien overruled.*
*Exceptions of Lila Lilien sustained.*
*Exceptions of Marsha Lilien sustained.*
*Exceptions of Ruth Lilien sustained.*