COMMONWEALTH *vs.* ARKUS PHARMACY OF WORCESTER, INC. (and .a companion case[1]). August 1, 1977. The defendants were tried to a jury and convicted on indictments for larceny of property valued in excess of $100. G. L. c. 266, § 30, as amended through St. 1968, c. 737, § 10. The trial and appeal were subject to the provisions of G. L. c. 278, §§ 33A-33G. The sole issue before us is whether the trial judge erred in denying the defendants' motions for directed verdicts, made at the close of the Commonwealth's case and renewed at the close of all the evidence. See *Commonwealth* v. *Kelley,* 370 Mass. 147, 150, n.1 (1976). We have examined the evidence as contained in six volumes and over 1,200 pages of transcript. We consider the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975). *Commonwealth* v. *Wright, ante,* 860 (1977), and cases cited. The jury could have found that the defendant corporation submitted forms to the Department of Public Welfare requesting payment for medication it purportedly provided to certain people. From the testimony of several doctors and patients the jury could have determined that in many cases the medication had not been prescribed

---

[1] Commonwealth *vs.* Hyman B. Order.

by the doctor whose name appeared on the form submitted by the corporate defendant, and that in some cases the patient named had not received all the medication listed on the form. The credibility of the witnesses was for the jury. *Commonwealth* v. *Hogan,* 249 Mass. 555, 561 (1924). *Commonwealth* v. *Sabean,* 275 Mass. 546, 550 (1931). From the evidence of numerous instances in which the defendant corporation requested payment for prescriptions or refills that had not been authorized by the named doctors, the jury could have found that there was a course of conduct, intentionally pursued, which had as its purpose the obtaining of funds from the Commonwealth by means of false pretenses. Compare *Commonwealth* v. *Anthony,* 306 Mass. 470, 478 (1940); *Commonwealth* v. *Mycock,* 315 Mass. 262, 267 (1943); *Commonwealth* v. *Iannello,* 344 Mass. 723, 734-736 (1962); *Commonwealth* v. *Wilson,* 355 Mass. 441, 443 (1969). Contrast *Commonwealth* v. *Louis Constr. Co. Inc.* 343 Mass. 600, 605 (1962). There was evidence that the Department of Public Welfare relied on the false representations of the corporate defendant in paying to it sums which totalled in excess of $100. That the representations were known by the defendant Order to be false could be inferred from his position as president, treasurer, and manager of the defendant corporation. See *Commonwealth* v. *Iannello, supra* at 734-735; *Commonwealth* v. *Kiernan,* 348 Mass. 29, 46-47 (1964), cert. den. sub nom. *Gordon* v. *Massachusetts,* 380 U. S. 913 (1965); *Commonwealth* v. *Abbott Engr., Inc.* 351 Mass. 568, 579-580 (1967). Contrast *Commonwealth* v. *Benjamin,* 3 Mass. App. Ct. 604, 632-633 (1975). The judge did not err in refusing to direct a verdict for either defendant. Compare *Commonwealth* v. *Camelio,* 1 Mass. App. Ct. 296, 299-300 (1973).

*Judgments affirmed.*

*H. Hoover Garabedian* for the defendants.

*John J. Bonistalli,* Assistant Attorney General, for the Commonwealth.