**UNITED STATES of America**

**v.**

**William A. BURKE.**

**Crim. A. No. 63–5.**

United States District Court
D. Massachusetts.

June 13, 1963.

W. Arthur Garrity, Jr., U. S. Atty., Wm. F. Looney, Jr., Asst. U. S. Atty., for U. S.

John H. Fitzgerald, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Defendant, who has been charged in an information with violation of the wagering tax laws, brings this motion for the suppression of evidence and return of certain property seized at the time of his arrest. Defendant was arrested on December 13, 1962 on the premises of the Burkwood Tavern in Lynn, of which he is the proprietor. At the time of his arrest he was standing alone behind the bar in the tavern when he was approached by Special Agent Mullins of the Internal Revenue Service, who identified himself as a Federal officer, told Burke he had a warrant for his arrest, read the warrant to Burke and placed him under arrest.

Thereafter the agent conducted a search during which certain property was seized. This property included money and adding machine tapes which defendant removed from his pockets at the instructions of the agent, cash taken from a cash register located about three feet from where defendant had been standing when arrested, an Armstrong Daily News scratch sheet taken from a shelf beneath the bar directly opposite the cash register, and another Armstrong scratch sheet and some bank deposit slips with notations on them taken from a coat hanging on a coat rack at the end of the bar about fifteen feet from defendant.

The search took between twenty and thirty minutes. The agent had a warrant for defendant's arrest but no warrant for a search of the premises.

Defendant appears to concede that the arrest itself was not improper, and further that the search of his person, the cash register and the shelf opposite it would have been proper if the agent had gone no farther. His contention is that the search of the clothing on the rack at the end of the bar was unreasonable and improper and that this unlawful extention of the search infected the whole operation so as to render the entire search illegal and require the suppression as evidence of all the property seized.

■■ It cannot be held that the extension of the search to include the garments hanging on the coat rack at the end of the bar was unreasonable. An officer is entitled as incident to a lawful arrest to search the person of the arrested defendant and to extend this search reasonably to the area immediately around the spot where the defendant was arrested. Here the search was confined to an area within a radius of fifteen feet of where defendant stood when he was arrested, located entirely within a single room of the business premises of the defendant, and in that part of the premises consisting of the bar and the adjacent area where he was actually working, and in a place clearly subject to his immediate control. The search was limited to one for objects connected with the offense for which he was arrested. Such a search was not unreasonable. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Marron v. United States, 275 U.S. 192, 198, 199, 48 S.Ct. 74, 72 L.Ed. 231; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145. Cf. United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; United States v. Lefkowitz, 285 U.S. 452, 465, 52 S.Ct. 420, 76 L.Ed. 877.

Defendant's motion for suppression of evidence and return of property is denied.