COMMONWEALTH *vs.* LOUIS A. SMITH.

Barnstable. November 6, 1967. — January 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

Practice, Criminal, Trial of defendants together, Continuance, Assistance of counsel. *Arrest. Search and Seizure. Evidence*, Relevancy and materiality. *Breaking and Entering. Burglarious Instruments.*

There was no abuse of discretion in denial of a motion for a severance by one of two indicted defendants who both appeared to have been engaged in a common criminal enterprise. [444]

Where it appeared that in the early stages of a criminal proceeding the defendant was represented by counsel, that he defaulted when the case was reached for trial, and that he knew shortly thereafter that it would be in order for trial at the next session of the court six months later, there was no abuse of discretion in denial of a motion, made by the defendant on the day of trial at the next session, for a two day continuance on the ground that counsel who had just then appeared for him "was in no manner prepared to go forward." [444–446]

Where it appeared that the defendant in criminal proceedings for breaking and entering a store in the nighttime with intent to commit a felony and for possession of burglarious instruments was found by police beside an automobile in a dead end alley behind the store, that he then stated that he had come to the area with one who was alleged to have chopped a hole in the roof of the store and who had jumped from the roof and fled from approaching officers, that an officer observed welders' goggles in the lighted interior of the automobile, and that thereupon the defendant was arrested and the automobile searched, it was held that there was probable cause for the arrest, that it was legal, and that the search of the automobile was legal as an incident of the arrest. [446–448]

At the trial of indictments for breaking and entering a store in the nighttime with intent to commit a felony and for possession of burglarious instruments, there was no error in admission of evidence of a certain conversation between the defendant and a witness from whom the defendant had hired an automobile under an assumed name or evidence tending to show possession of an oxygen tank by the defendant. [448]

Conviction in a proceeding for possession of burglarious instruments was warranted by evidence that equipment appropriate to a burglary of a store contemplated by the defendant and another was procured by them and was knowingly transported by the defendant in an automobile for the purpose of being employed in the burglary, in which he intended to participate. [448–449]

Two INDICTMENTS found and returned in the Superior Court on April 4, 1966.

Certain motions were heard by *Paquet,* J., and the cases were tried before him.

*Morton Black* for the defendant.

*Francis W. Keating,* Assistant District Attorney, for the Commonwealth.

REARDON, J. . The defendant was convicted on two indictments, one of which charged him with breaking and entering in the nighttime with intent to commit a felony, and the other with possession of burglarious tools. The case is before us under G. L. c. 278, §§ 33A–33G, on a

summary of the record, a transcript of the evidence, and assignments of error with which we deal seriatim.

1. Error is alleged in the court's refusal to allow the defendant's motions for severance "in spite of the fact that the evidence against . . . two defendants was entirely separate and unrelated." The defendant was brought to trial with one Pacheco who had in the early morning hours of December 11, 1965, been apprehended while fleeing the scene of an attempt to enter a store in the town of Barnstable. There was evidence of the defendant's statement that he had come to Cape Cod with Pacheco, and certain other evidence which sufficiently indicated that the pair was engaged in a common enterprise. The issues of fact to be tried out against the defendant and Pacheco were entirely similar. A single chain of circumstances was involved and there is no valid reason why the several indictments against both should not have been tried together. "The determination in such a case as to whether the defendants' or the Commonwealth's substantial rights will be prejudiced by consolidation or severance for trial rests in the sound discretion of the judge." *Commonwealth* v. *Iannello*, 344 Mass. 723, 727. See *Commonwealth* v. *Maloney*, 348 Mass. 610, 613–614, and cases cited. No error appears in the refusal of the court to grant the motions for severance.

2. The defendant complains of the denial of his motions for continuance "in that counsel appeared at 10 A.M. [on the morning of the trial] and asked two days to prepare a defense and the Court denied that continuance." He argues that the appearance of his counsel was filed only minutes before his trial began, and that his counsel was totally unprepared, had undertaken no research, interviewed no witnesses, and "was in no manner prepared to go forward." The record discloses that following a preliminary appearance at the District Court in Barnstable, a bill for particulars was filed by other counsel then appearing for him, and he was indicted in April, 1966. He came before the Superior Court at Barnstable on April 6, 1966,

accompanied by counsel,[1] where pleas of not guilty to each of the indictments were entered for him. When his case was reached for trial at the April sitting he did not appear, and on April 21 he was defaulted on the second indictment. On April 26, 1966, his surety was also defaulted. A capias issued on June 3, 1966, and was returned four days later without service. A warrant on this indictment was then issued. Thus, when he appeared for trial on the first Monday of October, 1966, he had had six months in which to ready his defence.

The defendant was entitled to reasonable opportunity to obtain counsel and to prepare a defence. See *Jones* v. *Commonwealth*, 331 Mass. 169, 171, and cases cited. *Chandler* v. *Fretag*, 348 U. S. 3, 10. See *Lindsey* v. *Commonwealth*, 331 Mass. 1; *Avery* v. *Alabama*, 308 U. S. 444. And yet "[t]he matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. . . . Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar* v. *Sarafite*, 376 U. S. 575, 589.

The undeniable rights of the defendant are thus defined. Not without weight in our assessment of the action of the court are certain factors which bear mention. This defendant had been represented at the earliest stage of the proceedings against him. He chose to flee the court at a time when his trial was impending. That trial was to take place in a county which does not hold continuous sittings for

---

[1] In accordance with G. L. c. 231, § 135, the clerk of the Superior Court for Barnstable County has transmitted to us the arraignment list for April 6, 1966, which shows that the defendant was represented by counsel when he entered his plea of not guilty on that date.

the disposition of criminal business. Having defaulted on his appearance when the court was ready for him, he was possessed of information shortly thereafter that his case would be on trial when the court came in again in October. He had on one occasion disrupted the orderly flow of the court's business, and with months of warning, by his motions he undertook once again to do so. In the interim between court appearances he had ample opportunity to prepare his defence with his former counsel or retain other counsel of his choice and go forward with him. It constitutes no "myopic insistence upon expeditiousness" to hold this defendant to a trial of which he had knowledge long before the day he filed his motions. The crushing impact of recent developments in criminal law on the ability of the trial courts to handle their business is too well known to require elaboration. The Commonwealth has rights in these circumstances. The defendant has been fully accorded those to which he is entitled. We see no error in the denial of his motions.

3. Assigned as error is the admission of evidence "as to the search of the defendant's automobile and admitting as evidence the articles seized in connection with such search without a warrant." It appears that Pacheco was apprehended first. At that time one of the officers present when Pacheco was apprehended proceeded to the roof of the store which was the object of the entry, and while inspecting a hole in the roof allegedly chopped by the defendant or Pacheco was queried from below, "How is it going up there?" This indication of interest came from the defendant who was standing beside his car in the dark in a dead end alley behind the store. The officer on the roof had seen the defendant arrive in the alley in a car which he parked there. Another officer, a sergeant, who had arrested Pacheco a short time before then, arrived upon the scene and a colloquy between him and the defendant ensued in which the defendant stated he had come to the Cape with Pacheco. The sergeant had seen Pacheco in the area of the store where the defendant had parked

his car and was standing, knew there was a hole (i.e. a break) in the roof of the store, and knew Pacheco had jumped from the roof and fled approaching officers. He then peered into the car, the interior light of which was on due to the door's having been left open, and observed some welders' goggles therein in open view. The sergeant thereupon arrested the defendant and thereafter searched the car.

Assuming that the question of the legality of the arrest of the defendant was properly raised below, we hold that the arresting officer had probable cause to arrest and that the arrest thus was legal. See *Commonwealth* v. *Holmes*, 344 Mass. 524; *Commonwealth* v. *Lehan*, 347 Mass. 197; *Commonwealth* v. *Bowlen*, 351 Mass. 655; *Beck* v. *Ohio*, 379 U. S. 89. Searches of the person have been upheld where they followed upon a legal arrest. *Commonwealth* v. *Holmes*, 344 Mass. 524. *Commonwealth* v. *Bowlen*, 351 Mass. 655, 657. This search was of a car in possession of the defendant and included opening the trunk of the car. See *United States* v. *Burke*, 217 F. Supp. 896 (D. C. Mass.), where a twenty to thirty minute search followed the arrest of the defendant in a tavern owned by him and extended around a room in an area up to fifteen feet from the defendant. See also *Nicholson* v. *United States*, 355 F. 2d 80 (5th Cir.). In *Preston* v. *United States*, 376 U. S. 364, the search of a car was invalidated on the grounds that it occurred some time after the arrest and at a point remote from it. The court, however, there said, at page 367, that the right to search without a warrant incident to an arrest extends to things under the defendant's immediate control and, "to an extent depending on the circumstances of the case, to the place where he is arrested." In *Agnello* v. *United States*, 269 U. S. 20, cited in the *Preston* case and frequently cited elsewhere with approval, the court said at page 30, "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed . . . is not to be

Commonwealth *v.* Louis A. Smith.

doubted." There was nothing remote in the time or place of this search. There exists no sound reason why following immediately upon a legal arrest a car in the possession of the person arrested may not be searched for the purpose of discovery of the fruits of or means employed in the crime, and we hold that this search was legal.

4. The defendant has alleged certain exceptions dealing with the introduction for identification of photographs and a pry bar and other items found in the area of the crime, and of other photographs as exhibits. We see no error. They were either entirely relevant and not prejudicial or, where they were not subsequently offered in evidence having been identified, the judge gave adequate jury instructions on their status. *Commonwealth* v. *Souza*, 350 Mass. 591, 597. A conversation between the defendant and a witness from whom he rented a car under an assumed name was also relevant, bearing as it did upon the defendant's plan of action and his criminal intent. The defendant also lodged a series of exceptions directed to testimony by a chemist testifying for the State that paint particles found on an oxygen tank matched others taken from the defendant's rented automobile. Testimony about the tank, of which photographs were in evidence at the time, was relevant (1) because there was a crime in process of completion when the police intercepted the defendant and seized the tank which could have been intended for use inside the store; (2) because the tank was a burglarious instrument; and (3) because the testimony indicated possession of the tank by the defendant.

5. There is no error in the denial of the defendant's motion for a directed verdict as to the indictment for possession of burglarious tools. A jury could have found that the defendant and Pacheco conspired together to rob the store, rented the car, procured appropriate equipment with which to gain entry, and proceeded to the store. It was open to the jury also to find that Pacheco was to gain entrance through the roof, whereafter the defendant was to return to the store and join him there and complete the

burglary. They could have found also that certain instruments and appliances admitted in evidence were transported by the defendant in the rented car, that he knew they were there, and that he knew the purpose for which they were to be employed, intending to participate in such employment. Such findings would have comprehended all requirements for conviction. G. L. c. 266, § 49.

*Judgments affirmed.*