COMMONWEALTH *vs.* MICHAEL D. TOGO.

Norfolk.    May 5, 1969. — May 28, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Search and Seizure.*

Search by police without a warrant of an automobile at a police station more than an hour after the defendant in a criminal proceeding had been arrested at a store near which the automobile had been parked was not incident to the arrest, and it was error to deny his motion to suppress articles seized in the search.

INDICTMENT found and returned in the Superior Court on October 1, 1968.

A motion to suppress was heard by *Cahill*, J., and the case was tried before him without jury.

*Anthony T. Petrocca*, Assistant District Attorney, for the Commonwealth.

*Joseph S. Tangusso* for the defendant.

WILKINS, C.J.   The defendant was convicted on an indictment for having marihuana in his possession.   The case was heard on a statement of agreed facts by a judge sitting without jury.   The trial was subject to G. L. c. 278, §§ 33A–33G.   The defendant's assignment of errors relates to (1) the denial of his motion to suppress certain evidence, and (2) the admission in evidence of items found in the defendant's motor vehicle.

On July 30, 1968, about 11 A.M., Catherine Ryan, security officer for Jordan Marsh Company, acting on information, went to the men's department of its store at the South Shore Shopping Plaza, Braintree.   There she conversed with the defendant, who identified himself as John H. Guinivan and delivered to her a Jordan Marsh charge card and a driver's license bearing that name.   Immediately prior to her arrival, the defendant had used the card to make a purchase. They went to the security office, where the store manager, one Mitchell, spoke with the defendant, who said he was John H. Guinivan and the owner of the card.   Mitchell, knowing that the card had been stolen from the real Guinivan, telephoned the Braintree police.

Thereafter Officers Gallivan and Leahy arrived at the security office.   They advised the defendant of his rights, placed him under arrest for receiving stolen property, and searched him.   The search "turned up" a wallet and a set of car keys to which was attached a tag referring to a 1968 Mercury, white, Massachusetts registration J24–969.   The defendant was handcuffed and taken from the store by the two officers.   As they were leaving, Gallivan observed in the shopping center parking area a white Mercury car bearing that registration number, which the defendant said was his.   The defendant had rented the car from a Boston company.   Gallivan found that the keys fitted the car door and the ignition.   After unlocking and locking the door, they proceeded to the police headquarters.   An entry in the police journal made at 11:49 A.M. shows that one Michael D. Togo was booked at 11:35 A.M. and charged with receiving stolen goods and forgery.

At the request of the police the car was towed to the police station where it was unlocked and searched about 12:45 P.M. As a result of that search, a number of articles were found including "a certain amount of marijuana," which is the subject of the indictment. No attempt was made to secure a search warrant before the search.

On this factual outline it cannot be successfully argued that the car was searched as an incident to a lawful arrest. The case seems to us to be controlled by *Preston* v. *United States,* 376 U. S. 364, 367–368, where it was stated by a unanimous court: "The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime — things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. *Agnello* v. *United States, supra,* 269 U. S., at 31." To similar effect is *Commonwealth* v. *McCleery,* 345 Mass. 151, 152. Compare *Commonwealth* v. *Smith,* 353 Mass. 442, 446–447; *Commonwealth* v. *Jones,* 355 Mass. 170, 173–174, where the cases are discussed. It must be admitted that some doubt is thrown by *Cooper* v. *California,* 386 U. S. 58, 59–62, which four dissenting justices said they felt was indistinguishable from the *Preston* case (pp. 63–65). The *Cooper* case, however, is not clear enough to efface the *Preston* case.

We are of opinion that it was error to deny the motion to suppress, and also to admit the evidence to which exceptions were taken.

*Judgment reversed.*