COMMONWEALTH *vs.* HARRY L. McGRATH.   January 28, 1971.   This indictment charges the defendant and others with assault and battery by means of a dangerous weapon, a shoe. The indictment was tried before a jury together with indictments charging robbery and assault with intent to rape. The defendant was found guilty of assault and battery with a dangerous weapon and not guilty of robbery. He was found guilty of so much of the

Rescript Opinions.

indictment charging assault with intent to rape as charged simple assault, and the indictment was placed on file. The case is here on the defendant's exceptions. He claims it was error to exclude from evidence the police journal which he offered to impeach the victim's testimony "by prior inconsistent statements." She had testified that she knew the defendant and one of the codefendants and had met another codefendant on the day in question. The police journal stated that she had been assaulted by "three unknown white males." However, police Sergeant Celona was called as a witness by a codefendant and was questioned by the defendant. He testified that he conducted the investigation and had talked with the victim on the night in question; that "she wasn't in a condition to describe coherently what actually took place regarding the attack"; that she did not give him "the names of any of the people involved" or "any indication as to whether they were known or unknown to her." He also stated that the entry in the journal was made by another police sergeant who had reduced to writing "a report" by Celona. Even if we assume that it was error to exclude the journal, it would have been merely cumulative and its exclusion was not prejudicial. See *Commonwealth* v. *Palladino*, 346 Mass. 720, 722–723. The defendant's other contention is that it was error to admit the testimony of a person to whom the victim had spoken shortly after the alleged attack. The defendant argues that this "was hearsay and admissible neither as res gestae of the attack nor as fresh complaint." The victim testified to substantially the same facts. We are of opinion that the testimony objected to was merely cumulative and, even if its admission was erroneous, it was not prejudicial.

*Exceptions overruled.*

*Reuben Goodman* (*Alexander Whiteside, II,* with him) for the defendant.
*Jack I. Zalkind,* Assistant District Attorney, for the Commonwealth.