COMMONWEALTH *vs.* RONALD A. BETTENCOURT
(and five companion cases [1]).

Bristol.   January 3, 1972. — April 3, 1972.

Present: CUTTER, REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Constitutional Law,* Assistance of counsel, Admissions and confessions, Waiver of constitutional rights. *Practice, Criminal,* Assistance of counsel, Continuance, Judicial discretion, Sequestration of witnesses, Charge to jury, Trial of defendants together. *Error,* Whether error harmful. *Evidence,* Credibility of witness, Collateral matter, Admissions and confessions. *Witness,* Credibility. *Waiver.*

Where it appeared that in the preliminary stages of a criminal proceeding the defendant had been represented by retained counsel but was unable to raise funds to retain this counsel for his trial, and where the defendant knew that he was obliged to secure counsel or seek the aid of the court and did neither in the month before his trial date, there was no abuse of discretion in denial of a motion, made by him on the day of his trial, for a three day continuance [517–518]; nor was the defendant deprived of effective assistance of counsel as guaranteed him by art. 12 of the Declaration of Rights of the Massachusetts Constitution and by the Fourteenth Amendment to the United States Constitution by the fact that he went to

---

[1] Two of the companion cases are against Ronald A. Bettencourt, one is against David L. Frates, and two are against Robert L. Silvia.

trial with a court appointed counsel who had four hours to prepare his defence where the record revealed that the defendant was competently represented by counsel, that there were no special problems of preparation, and that any information defence counsel lacked was due primarily to defendant's lack of diligence in his own behalf [517–518].

Sequestration of witnesses at a criminal trial lies in the discretion of the judge. [518]

At a trial for rape, admission of testimony of a female witness as to what the victim told her the morning after the alleged rape, without instructions requested by defence counsel that the testimony was being admitted only for the limited purpose of corroborating the victim's testimony and not for the truth of what was said, was error [518–519]; but it was harmless error in view of the fact that such testimony was cumulative of testimony given by the victim and by two other witnesses which was limited by the judge's charge [518–519].

It was within the trial judge's discretion at a trial for rape to exclude testimony of a defence witness offered to impeach the victim's credibility by establishing conflicting statements made by her concerning a collateral matter. [519–520]

At the trial of indictments for rape and related offences, where two of the defendants raised a defence that they were coerced into participating in the crimes, the judge in his charge to the jury on the law of coercion did not prejudice the two defendants by questions stated to the jury concerning the credibility of their defence which were no more than possible conclusions warranted by the evidence and did not inform the jury that any witnesses were not telling the truth [520–521]; it was not prejudicial to a third defendant for the judge to charge the jury on the law of coercion without instructing them that that defendant had not raised that defence [521].

Admission in evidence at the trial of indictments of an alleged confession made by one of the defendants was proper where evidence indicated that that defendant on two occasions was advised of his constitutional rights to have counsel and to remain silent and thereafter signed a waiver. [521]

No abuse of discretion was shown by the joinder of three defendants in a single trial on indictments for rape, kidnapping, and committing unnatural acts. [521–522]

INDICTMENTS found and returned in the Superior Court on March 3, 1971.

Motions were heard by *Smith*, J., and the cases were tried before him.

*Robert V. Greco* (*Reuben Goodman* with him) for the defendant Frates.

*Leonard Louison* for the defendant Bettencourt.

*Benjamin D. Lewis* for the defendant Silvia.

*Kenneth L. Sullivan*, Assistant District Attorney

(*Philip A. Rollins*, District Attorney, with him) for the Commonwealth.

REARDON, J. These cases are here on appeal under G. L. c. 278, §§ 33A–33G. The three defendants were tried together. Ronald A. Bettencourt was convicted on the charges of rape, kidnapping, and an unnatural act. Robert L. Silvia was convicted on indictments charging rape and kidnapping. David L. Frates was convicted of rape, and found not guilty on an indictment charging kidnapping. The cases arise out of bizarre and inhuman crimes, the details of which it is not necessary to recite.

The defendants have alleged essentially the same assignments of error with which we deal seriatim.

1. The defendant Frates urges violation of art. 12 of the Massachusetts Declaration of Rights and of the Fourteenth Amendment to the United States Constitution in that he was denied the effective assistance of counsel because the trial judge on March 22, 1971, refused to continue the case for three days for trial. In denying his motion for a continuance, the judge noted that "the defendant voluntarily appeared without counsel who previously represented him and after having adequate time to retain counsel," and that the denial of the motion was "in the exercise of . . . [his] discretion, it appearing to be merely dilatory and an attempt to delay trial." Frates had retained counsel at the probable cause hearing held on February 18, 1971, but had been unable to raise funds to retain this counsel for the Superior Court trial, and was indigent at that time. The court appointed counsel four hours before trial was scheduled. We are well aware that "it is required to allow the accused a reasonable opportunity to procure counsel for himself and to allow such counsel a reasonable opportunity to prepare and to present the defence." *Lindsey* v. *Commonwealth*, 331 Mass. 1, 2. *Jones* v. *Commonwealth*, 331 Mass. 169, 171. *Commonwealth* v. *Brant*, 346 Mass. 202, 204. *Commonwealth* v. *Smith*, 353 Mass. 442, 445. Whether a motion for continuance should be granted lies within

the sound discretion of the judge, whose action will not be disturbed unless there is patent abuse of that discretion, which is to be determined in the circumstances of each case. In this instance over a month had passed from the probable cause hearing until the date set for trial. During this period Frates knew that he was obliged to secure counsel or seek the aid of the court. He did neither until the trial date itself. "It constitutes no 'myopic insistence upon expeditiousness' to hold this defendant to a trial of which he had knowledge long before the day" he finally asked the court to appoint counsel for him. *Commonwealth* v. *Smith,* supra, 446. If on the day of trial defence counsel lacked any information on the case it was due primarily to Frates's lack of diligence in his own behalf. See *Commonwealth* v. *Brant, supra,* 204. Frates was no tyro before the courts, and with his knowledge of the impending trial it was not unreasonable to hold him. A reading of the transcript discloses that his appointed counsel represented him ably, calling witnesses on his behalf. The circumstances of these cases do not lead us to conclude that the judge abused his discretion.

Frates lays considerable emphasis on *Rastrom* v. *Robbins,* 440 F. 2d 1251 (1st Cir. 1971). However, the *Rastrom* case is clearly distinguishable, for there appointed counsel was inexperienced, the defendant demonstrated psychological abnormality, alibi witnesses had to be found, and the propriety of a pre-trial identification tested. Time was required in the *Rastrom* case in problems of preparation that were not present in the instant cases.

2. The defendants complain of the denial of motions to sequester witnesses. Here again the discretion of the judge carries great weight. It is within his judgment to deny such a motion. *Commonwealth* v. *Blackburn,* 354 Mass. 200, 205, and cases cited. We see no abuse of discretion here.

3. Also assigned as error by the defendants is the failure of the judge to limit the effect of testimony of

a female witness as to what the victim told her the morning after the alleged mass rape. They contend that this witness's account should have been admitted for the limited purpose of corroboration of the victim's testimony and not as evidence of the truth of what was said. *Glover* v. *Callahan,* 299 Mass. 55, 57. There was a request by counsel for Frates that the judge so limit the effect of the testimony but he allowed it "for any purpose." The witness gave susbtantially the same testimony as that given by the victim and two other witnesses, the effect of whose testimony was limited by the judge's charge. In our view the admission of the testimony without limiting restrictions was error but the testimony was merely cumulative, and, although its admission was erroneous, it was not prejudicial. *Commonwealth* v. *McGrath,* 358 Mass. 814. *Schneble* v. *Florida,* 405 U. S. 427.

4. Error is alleged by the defendants in the exclusion, after objection, of the testimony of one Harding as to the contents of a telephone conversation between him and the victim. The defence argues that the conversation was admissible to impeach the victim's credibility. The defence offered at trial to prove that Harding would have testified that prior to the night of the crimes the victim threatened to have one of the participants "beat . . . [Harding] up." She had previously stated that before the night of the rape she had not known the participant in question. It is argued that this impeachment of her credibility was relevant to show her state of mind on the night of the crimes. While an adverse party may show that a witness has made inconsistent or conflicting statements on a fact relevant to the issue on trial (*Commonwealth* v. *West,* 312 Mass. 438, 440), it is within the judge's discretion to determine the extent to which such evidence can be introduced to show inconsistencies in the witness's testimony on collateral matters. *Commonwealth* v. *Doherty,* 353 Mass. 197, 213–214. Whether the victim knew the particular participant prior to the night in question is collateral to the

issue of her consent to what transpired. The admission of the evidence was a matter of judicial discretion, which was not abused.

5. The defendants Bettencourt and Silvia next contend that the judge erred when he charged the jury on the defence of coercion in the following terms: "There were three of them, and he was one.[2] What do you say? What do the male members of this jury think of that on the issue of whether or not they were afraid of death or serious bodily injury?" They argue that this remark prejudiced them, especially when viewed in the context of other parts of the judge's charge which, they assert, tended to support the credibility of the victim.[3] We disagree. "Our decisions have consistently upheld the action of trial judges in putting before the jury possible conclusions warranted by the evidence in language that is 'comprehensively strong, rather than hesitatingly barren or ineffective.' *Whitney* v. *Wellesley & Boston*

---

[2] This refers to one Gordon O'Brien, who was alleged to have coerced the defendants Bettencourt and Silvia into participating in the crimes.

[3] "It's your responsibility and yours alone to determine whom you will believe and what you will believe.

"And right at the outset you may ask yourself: What story is the more plausible, the more reasonable?

*"It is for you, having in mind that it's your recollection of the testimony that governs, and not of Court or counsel, to determine what testimony you will believe and what testimony you will reject.*

"You may ask yourself the simple question: What motive, if any, has this witness in telling us a story that he or she tells us? Who has the motive to lie? Who is telling the truth?

"This young lady comes in here and she tells you a story that admittedly it was a conclusion that she was brutally beaten and taken to Fall River, clothed with nothing more than a blanket, in company with some of these men. She describes an incident that occurred in a trailer.

"It's for you to say, ladies and gentlemen of the Jury: What's reasonable? Has this girl got any reason to come in here and lie and tell us something that isn't so?

"Or, on the other hand, does she have some reason to misrepresent or tell us something that didn't happen?

*"It is for you to say, it being your privilege to believe all that a witness tells you or nothing, to accept a part and reject the remainder"* (emphasis supplied).

The emphasized portions of the transcript were omitted from the quotation in the defendants' briefs.

*Street Railway,* 197 Mass. 495, 502." *Cahalane* v. *Poust,* 333 Mass. 689, 692–693. Accord, *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 753. *Commonwealth* v. *White,* 353 Mass. 409, 423. *Harris* v. *United States,* 367 F. 2d 633, 636 (1st Cir. 1966). The charge here by the judge did not tell "the jury in unmistakable terms that the judge thought the witnesses to whom he was referring were not telling the truth." *Cahalane* v. *Poust, supra,* 693. Rather it put before the jury "possible conclusions warranted by the evidence."

Although the defendant Frates did not raise the defence of coercion, it was not prejudicial, as he claims, for the judge to charge the jury on the law of coercion without instructing them that he had not raised that defence. In order for the jury to convict him they were required first to find that he had relations with the victim. Including him within the asserted defence of coercion did not, therefore, amount to a statement by the judge that Frates had had sexual relations with the victim. Frates was not damaged by it.

6. The defendant Silvia attacks the admission in evidence of an alleged confession by him to a State trooper on the ground that the interrogation which preceded it violated the Fifth Amendment of the United States Constitution. It is by now well known that the prosecution must show that the defendant who makes a statement to the police in the absence of counsel must knowingly and intelligently have waived his right to counsel and his privilege against self-incrimination. *Commonwealth* v. *McKenna,* 355 Mass. 313, 323. Here there was evidence that upon arrest the defendant's rights were spelled out to him. At the State police barracks thereafter he was again advised of them, whereupon he signed a waiver which was introduced in evidence. Having been informed that he might have counsel and could use the telephone, he neither asked for counsel nor for the use of the telephone. Silvia has no valid ground for complaint that he was deprived of any constitutional rights.

7. Bettencourt and Silvia allege prejudice in the join-

der of counts and the trial together of the codefendants. As we said in *Commonwealth* v. *Fancy,* 349 Mass. 196, 204, and cases cited, whether the substantial rights of the defendants or the Commonwealth would be prejudiced by joinder lies in the sound discretion of the judge. The defendants describe several situations with considerable ingenuity in which they might be prejudiced by joinder. Their generalities and arguments on this point have no relation to the specifics of these cases. There was no abuse of discretion.

*Judgments affirmed.*