David L. FRATES, Petitioner, Appellant,

v.

George BOHLINGER, Superintendent, etc., Respondent, Appellee.

No. 72–1342.

United States Court of Appeals, First Circuit.

Heard Jan. 2, 1973.

Decided Jan. 17, 1973.

Robert V. Greco, Roslindale, Mass., for appellant.

Harvey F. Rowe, Jr., Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Div., and David Mills, Asst. Atty. Gen., Chief, Appellate Section, were on brief, for appellee.

Before COFFIN, Chief Judge, ALD-RICH and CAMPBELL, Circuit Judges.

PER CURIAM.

Petitioner Frates, convicted in Massachusetts Superior Court of participating with three others in a kidnapping and rape, appealed on the ground of inadequate representation because of counsel's lack of opportunity to prepare. The appeal was dismissed sub nom. Commonwealth v. Bettencourt, 1972 Mass.A.S. 689, 281 N.E.2d 220. Thereafter petitioner sought a writ of habeas corpus in the district court. The case was presented to a magistrate upon the state court transcript. The magistrate recommended that the writ should issue, but, following a hearing, the district judge denied relief. Petitioner appeals.

The pertinent facts are these. The offense allegedly occurred on February 5, 1971. Petitioner was arrested and charged on February 12; probable cause was found on February 18; all defendants were indicted on March 3 and arraigned on March 5. At the probable cause hearing petitioner had privately-retained counsel, but at the arraignment he had no counsel. The court appointed counsel for one of the other defendants to represent him for that limited purpose. It does not appear what else transpired at arraignment, but on the morning of March 22 all defendants, except the alleged ring-leader, who had jumped bail, appeared in the superior court for trial. The other defendants present were represented, but petitioner was not. Petitioner informed the court that he was indigent and requested counsel. The court appointed forthwith a member of the Massachusetts Defenders. Counsel moved for a three-day continuance and the court granted four hours. The case accordingly started that afternoon, with the complaining witness. Cross-examination took place the next day, petitioner's counsel last. The case ran for two additional days. All defendants were convicted of rape. Petitioner was acquitted on the kidnapping charge.

In denying petitioner's motion for a longer continuance the trial judge noted thereon,

"Filed and it appearing to the Court after hearing that the defendant voluntarily appeared without counsel who previously represented him and after having adequate time to retain counsel, this motion is denied in the exercise of my discretion, it appearing to be merely dilatory and an attempt to delay trial."

The burden is on petitioner to show why this action was error, unless one could say it was an abuse of discretion as a matter of law. Petitioner offers us no affirmative basis for finding error; nor did he to the Supreme Judicial Court.* We have before us, on stipulation, only the facts above outlined. We are not at all prepared to rule there was an abuse as a matter of law.

While petitioner's failure to advise the court earlier that he needed counsel and to request an appointment was not necessarily a waiver of counsel, it was at least a waiver of a right to anything beyond the most minimal postponement when counsel was ultimately sought. Petitioner points to Rastrom v. Robbins, 1 Cir., 1971, 440 F.2d 1251, cert. denied 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107, where we found four hours preparation time insufficient. We recognize that the crimes charged here were more serious and that a life sentence was a possibility. However, counsel not only had four hours before trial; the presence of two other defendants, whose interests were not shown to be diverse and whose counsel were prepared and who proceeded first, afforded petitioner's counsel not only assistance, but the time between the close of trial the first day and the following morning. In other respects, also, the case is unlike *Rastrom*. Petitioner was not unsophisticated or possibly mentally deficient and unable to assist counsel. Nor was counsel inexperienced, but quite the reverse. The record shows a spirited defense, including the calling of two alibi witnesses. In *Rastrom*, we refused to

institutionalize our very real concern over "stringently limited preparation time" in the form of a presumption. We prefer to examine with care the totality of circumstances. In this case, unlike in *Rastrom*, we have had the benefit of the transcript. Viewing the totality of the circumstances we find the appeal without merit.

Affirmed.

---

\* All that he apparently demonstrated there was that he was not a "tyro" in criminal matters, 1972 Mass.A.S. at 690, 281 N.E.2d 220, which scarcely helped his cause.