COMMONWEALTH *vs.* LOUIS ALEXANDER. January 8, 1975. The defendant was convicted by a jury of breaking and entering in the nighttime with intent to commit a felony, unlawful possession of burglar's tools, and safecracking. He appeals under G. L. c. 278, §§ 33A-33G. We consider only those assignments argued. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). 1. The defendant contends that he was denied effective assistance of counsel due to the judge's refusal to grant a continuance to allow late appointed counsel more time for preparation. "Whether a motion for continuance should be granted lies within the sound discretion of the judge, whose action will not be disturbed unless there is patent abuse of that discretion . . .." *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 517-518 (1972). *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 705 (1974). We find no such abuse of discretion here. The transcript reveals that the defendant was adequately represented by counsel, and no prejudice to the defendant has been suggested or shown. The circumstances of this case bring it within *Commonwealth* v. *Bettencourt, supra,* at 517-518. See *Frates* v. *Bohlinger,* 472 F. 2d 149 (1st Cir. 1973). Nor was the judge's denial of defense counsel's motion for leave to withdraw an abuse of discretion. 2. No error is shown in the refusal of the judge to disqualify himself on the basis of certain remarks made by him at a bail hearing and during pre-trial motions. The remarks themselves, although inappropriate, did not display bias or prejudice against the defendant (compare *Commonwealth* v. *Leventhal,* 364 Mass. 718, 723-724 [1974]), and there is nothing in the record which would support the contention that the judge was not impartial or free from bias during the course of the trial. *King* v. *Grace,* 293 Mass. 244, 246-247 (1936). Contrast *United States* v. *Womack,* 454 F. 2d 1337, 1341 (5th Cir. 1972), cert. den. 414 U. S. 1025 (1973). 3. During direct examination a police officer testified that in August, 1972, he had seen the defendant in "Greenville, Mississippi, at the House of Correction there." The defendant objected, and the judge, apparently treating the objection as a motion to strike, ruled: "He may have that." A proper motion to strike should have been allowed and a curative instruction given. *Commonwealth* v. *Hanley,* 337 Mass. 384, 391-395 (1958), cert. den. 358 U. S. 850 (1958). *Commonwealth* v.

*Gibson,* 357 Mass. 45, 48-49 (1970), cert. den. 400 U. S. 837 (1970). *Commonwealth* v. *Mendes,* 361 Mass. 507, 514 (1972). However, in view of the overwhelming evidence of guilt in this case, there was no reasonable possibility that the objectionable testimony contributed to the defendant's conviction, and therefore the error was harmless. *Odsen* v. *Commonwealth,* 360 Mass. 890 (1972).

*Judgments affirmed.*

*Lois M. Lewis* for the defendant.

*James M. Quinn,* Assistant District Attorney, for the Commonwealth.