COMMONWEALTH *vs.* KEVIN SMITH. March 14, 1979. On the state of the evidence disclosed by the substitute bill of exceptions, the inquiry which the defendant was precluded (despite the fact that the Commonwealth had raised no objection) from putting to the complaining wit-

ness on cross-examination related not merely to the credibility of the latter but to the central issue of the correctness of the identification of the defendant as one of the smaller group which committed the crime, an issue which was not obviated by the defendant's admission that he was part of the larger group in the vicinity. In these circumstances it was error to foreclose inquiry on cross-examination into the content of the written description which led to the apprehension of the defendant and the subsequent in-person identification of him by the complaining witness. See *Commonwealth* v. *Franklin,* 366 Mass. 284, 290 (1974), and cases cited; *Commonwealth* v. *Graziano,* 368 Mass. 325, 329-330 (1975); *Commonwealth* v. *Bohannon,* 376 Mass. 90, 94 (1978); *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 712 (1974), and cases cited.

*Exceptions sustained.*

BROWN, J. (dissenting). In my view, this is an easy case. There is no issue here of misidentification. The only question is whether the defendant participated in the destruction of the fence. 1. The defendant admits that he was present at the alleged incident. The victim identified the defendant "as being one of the eight youths who participated in the alleged destruction." That much is quite clear from the rather inartfully drawn bill of exceptions. Thus, contrary to the defendant's contention, there is no issue of misidentification to which the question "as to what description of the defendant was written down [earlier in the morning] at 1:05 A.M." by the victim can be said to be relevant. Compare *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 519 (1972). 2. Moreover, the bill of exceptions does not show what purpose the defendant sought to accomplish or how he would have been aided by the answer. Nor does the defendant's bill of exceptions show prejudice in the exclusion of this isolated question. See *Commonwealth* v. *McGrath,* 358 Mass. 814, 815 (1971). See generally *Commonwealth* v. *Barras,* 3 Mass. App. Ct. 43, 46-47 (1975).

*Joseph M. Flak* for the defendant.

*Robert J. Schilling,* Special Assistant District Attorney, for the Commonwealth.