COMMONWEALTH *vs.* GORDON O'BRIEN. November 9, 1979. This appeal by the defendant after his convictions on five indictments which charged rape and other related crimes[1] brings before us but one issue, whether the trial judge abused his discretion in denying the defendant's request for a continuance to allow his counsel more time to prepare a defense. The defendant relies principally on *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 50-57 (1976). His counsel has argued forcefully and with skill that the judge misconceived the facts concerning the defendant's readiness for trial, that the case is, therefore, governed by *Cavanaugh,* and we should, on that authority, decide that the judge abused his discretion in denying the defendant's request. The record indicates that the trial judge was fully cognizant of the events leading to trial; *Cavanaugh,* therefore, does not control.

On November 2, 1971, the judge informed the defendant and his then counsel that the trial would begin on November 29 and that if the defendant should discharge his attorney in the meantime, either the court would appoint a public defender or the defendant could represent himself. The defendant discharged his attorney on the morning of the twenty-ninth. Another attorney was present but

---

[1] The defendant was convicted and sentenced on December 2, 1971. His appeal was entered in this court on August 25, 1972, but briefing was not completed until September 4, 1979.

stated that he would represent the defendant only if the case were to be continued to February 1, 1972. The court refused that continuance and appointed an experienced public defender to represent the defendant. The defender was given copies of the police reports and the transcript of the codefendants' trial, which had occurred earlier in the same year (see *Commonwealth* v. *Bettencourt,* 361 Mass. 515 [1972]). The case was then continued to November 30 to allow the defender a full day to study the transcript and to meet with the defendant. No question was raised by the public defender as to lack of time to prepare.

In the circumstances of this case, it was well within the judge's discretion to deny the defendant's request for a continuance. See *Ungar* v. *Sarafite,* 376 U.S. 575, 588-591 (1964); *Commonwealth* v. *Smith,* 353 Mass. 442, 444-446 (1968); *Commonwealth* v. *Bettencourt,* 361 Mass. at 517-518; *Commonwealth* v. *LaFleur,* 1 Mass. App. Ct. 327, 329-330 (1973); *Commonwealth* v. *Perry,* 6 Mass. App. Ct. 531, 537-538 (1978).

*Judgments affirmed.*

*Daniel F. Featherston, Jr. (Robert A. Sherman* with him) for the defendant.

*William A. Schroeder,* Assistant District Attorney, for the Commonwealth.