COMMONWEALTH vs. GORDON O'BRIEN.

Bristol. March 3, 1980. — May 30, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Assistance of counsel, Continuance.

A judge did not abuse his discretion in denying a continuance of a crimi-
nal trial to permit newly-appointed counsel to prepare a defense where
the denial was not based on the judge's misapprehensions of fact,
where the defendant had advance warning that the trial would com-
mence on that date, and where the defendant was adequately repre-
sented by counsel. [721]

INDICTMENTS found and returned in the Superior Court
on March 3, 1971.

The cases were tried before *Leen*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Daniel F. Featherston, Jr.,* for the defendant.

*William A. Schroeder,* Assistant District Attorney, for the
Commonwealth.

BRAUCHER, J.  In 1971 a jury found the defendant guilty
of rape, kidnapping, unnatural acts, sodomy, and assault
with a dangerous weapon, and he was sentenced to forty to
fifty years of imprisonment for rape and to lesser concurrent
terms for kidnapping and sodomy.  The other charges were
placed on file.  The defendant appealed pursuant to G. L.
c. 278, §§ 33A-33G, and after a long delay he now contends
that the judge abused his discretion in denying a continu-
ance to enable counsel to prepare the defense.  The Appeals
Court affirmed the judgments.  *Commonwealth* v.
*O'Brien,* 8 Mass. App. Ct. 925 (1979).  We granted the de-
fendant's application for further appellate review, and we
affirm.

The charges against the defendant arose out of events that took place on February 5, 1971. The indictments were returned March 3, 1971, and four other participants were also indicted on related charges. Three of them were tried and convicted in March, 1971, and their convictions were later affirmed by this court. *Commonwealth* v. *Bettencourt,* 361 Mass. 515 (1972), denial of petition for writ of habeas corpus aff'd sub nom. *Frates* v. *Bohlinger,* 472 F.2d 149 (1st Cir. 1973). The defendant, however, was under indictment for an unrelated breaking and entering, had been released from custody on $50,000 bail, and fled before he was served with the rape indictments. After rendition from Florida, on October 29, 1971, he was arraigned on the rape charges. A judge of the Superior Court removed defaults that had been entered on the rape charges, saying that "if he hasn't ever been served with the papers, the assumption is he didn't know about it." The defendant was held without bail for trial in November, without prejudice to a renewed bail application after November.

On November 2, 1971, the Commonwealth moved for trial before a second judge of the Superior Court, who later became the trial judge. Edward F. Harrington, the lawyer who had represented the defendant at arraignment, said that he would be away until very close to Thanksgiving and had not filed an appearance. The judge said to Mr. Harrington, "I want an understanding that you are going to represent this man; and I want you to talk with him; and if you agree to represent him, file an appearance for him, with the understanding that you will go to trial on the 29th." Later the same day Mr. Harrington reported to the judge that he had entered an appearance; he was allowed three days to file pretrial motions, and he indicated that someone in his office would handle any court appearances on the motions. The judge then set November 29 as the trial date, and addressed the defendant directly, stating unequivocally that the trial would go on as scheduled even if the defendant sought to change attorneys.[1]

---

[1] "If you dismiss Mr. Harrington as your attorney, if you dismiss him when he comes back from his trip abroad, you are going to trial on November 29th in any event.

"If I have to appoint the public defender to represent you at that time, I will; but I will appoint counsel. And if you don't want counsel, then you

On November 29, the defendant appeared in court with Mr. Harrington and another attorney, Andrew Bucci. In a lobby conference, with the defendant not present, Mr. Harrington informed the judge that before leaving the country he had told the defendant and his mother that he did not want to try the case and that they should retain other counsel. Mr. Bucci said that he would be prepared to take the case, but only if the trial could be continued until February. No order had been placed for a transcript of the March, 1971, trial of codefendants, and no pretrial motions had been filed. The prosecutor offered to make a copy of the March transcript available to Mr. Bucci, and the judge said the case could be continued until the morning of November 30, but Mr. Bucci refused to go forward on such short notice. Thereafter, in open court, Mr. Harrington requested permission to withdraw, the defendant consented to the withdrawal, Mr. Bucci stated that he could not proceed for trial on November 30, and the judge appointed Edward J. Harrington, Jr., of the Massachusetts Defenders Committee to represent the defendant, and continued the case until the next day. The case was tried on November 30, December 1 and December 2.

The defendant relies principally on our holding in *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 50-57 (1976), that relief was appropriate "where the trial judge's denial of a continuance was based on a number of important misapprehensions of fact" and "resulted in a denial of the defendant's right to counsel." *Id.* at 56 n.6. According to the defendant, the judge in the present case, misled by the prosecutor and by defense counsel (the first Mr. Harrington), errone-

---

will have to try your own case; and I will appoint someone to advise you, some lawyer to sit in the courtroom, to advise you on questions of law.

"But this case is going on on the 29th; so I'm just simply stating that to you in the event that, for any reason, you change your mind between now and the time Mr. Harrington returns from his vacation.

"The case is to proceed to trial on the 29th, and there will be no further continuances."

ously concluded that the defendant was in default on the rape charges, that he had dismissed the first Mr. Harrington, that his failure to obtain substitute counsel constituted defiance of the court, and that if not tried in November he would be eligible for bail. We think, however, that if there were any such misapprehensions they were not so erroneous as to render the judge's ruling an abuse of discretion.

The defendant was in default not on the rape charges but on the unrelated breaking and entering indictments. However, it is not clear that the trial judge misunderstood this; both the first Mr. Harrington and Mr. Bucci, as well as the defendant himself, explained the distinction to the judge and pointed out that there was no arraignment on the rape charges until October 29. In any event, if there was a misapprehension it was not significant, since the defendant was in fact a fugitive from the Commonwealth and had to be brought back from Florida, with a resulting delay of seven months.

Whether or not he dismissed the first Mr. Harrington on November 29, the defendant acquiesced in Harrington's withdrawal early in November, long before the scheduled date of trial. The defendant had almost a month to secure substitute counsel ready to go forward on November 29 and did not do so. The defendant's appearance without prepared counsel on the day appointed for trial was characterized by the judge as defiance, although it may have been only lack of diligence. But lack of diligence on the part of the defendant in securing counsel or seeking the aid of the court may be sufficient to justify the denial of a continuance. *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 518 (1972). The defendant was no stranger to criminal procedure, and he did not take seriously enough the judge's clear warning that the case would be tried on November 29.

Finally, the matter of bail was made clear to the judge by Mr. Bucci, who said that the defendant, in light of the circumstances, would not be granted bail. The judge said that if the matter of bail were brought before him, he would

take into account all the things he knew, including, presumably, the defendant's flight to Florida.

The defendant was not forced to trial without counsel, and the second Mr. Harrington never characterized himself as unprepared. See *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 52-54 & n.3 (1976). We have examined the transcript of the trial and conclude that the trial was fair and the representation by the second Mr. Harrington was adequate. After conferring with the defendant, he exercised ten peremptory challenges. He objected and took exceptions. He extensively cross-examined the victim and sought to impeach her on several grounds. He called as defense witnesses, besides the defendant himself, the defendant's mother, who offered a partial alibi, and a former boy friend of the victim.

The defendant's convictions resulted not from a lack of preparation by counsel but from the strength of the proof of guilt. The testimony of the victim was clear and devastating, and was corroborated by evidence of fresh complaint. Further attempts to impeach her credibility would have been of doubtful utility in view of testimony of two other witnesses to the defendant's violent conduct and threats during the early part of the night in question. There is no indication that better work by counsel might have accomplished something for the defense. See *Commonwealth* v. *Adams,* 374 Mass. 722, 727-728 (1978).

*Judgments affirmed.*