### STATE of Maine

### v.

### Michael PEASE.

Supreme Judicial Court of Maine.

Argued June 5, 1984.

Decided Dec. 27, 1984.

Janet T. Mills, Dist. Atty., Daniel W. Boutin, Asst. Dist. Atty. (orally), Farmington, for the State.

John D. Griffin (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

NICHOLS, Justice.

On appeal from a judgment entered in Superior Court, Franklin County, following his conviction of theft by unauthorized taking, 17–A M.R.S.A. § 353, the Defendant, Michael Pease, challenges the denial of his motion for a continuance and also questions the sufficiency of the evidence to support the jury's verdict.

We affirm the judgment.

The Defendant, along with his two stepbrothers, Rocky and Dennis Crowley, was arrested for theft by unauthorized taking on July 27, 1981. They were indicted on September 29 and arraigned in Superior Court on October 16. At that time, the Crowleys were found to be indigent and had counsel appointed to represent them. The Defendant had retained his own counsel, but on April 30, 1982, his attorney asked to withdraw from the case because the Defendant was uncommunicative and "unable to comply with the agreed upon arrangements for hiring." Permission to withdraw was granted on June 11, and the Defendant was given ten days to retain new counsel.

The case was set for trial on October 12 and again on October 25 but not reached. On each date, the Defendant appeared without counsel. Apparently, the court never attempted to enforce its ten-day order of June 11.

The case was next scheduled for November 29, and it was only on that date that the Defendant announced that he had been unable to retain counsel because he had been out of work and indigent for the past several weeks. The court appointed one attorney to represent the Defendant on the

first day of trial and, because that attorney had another commitment on November 30, appointed a second attorney to represent the Defendant thereafter. The first attorney promptly moved for a continuance. The court denied his motion, ruling that the Defendant had effectively waived his right to counsel "in a sense of counsel preparation."

The Defendant and his step-brothers were tried together before a jury beginning that same afternoon. The Defendant's two lawyers made numerous objections during trial and cross-examined the alleged victim of the theft and the other witnesses for the State at some length. However, the attorneys for the Crowleys always cross-examined the witnesses before the Defendant's attorneys did. The trial strategy of all the defense attorneys appears to have been basically consistent: to impeach the victim's credibility, especially by identifying contradictions and improbabilities in her testimony.

■ The Defendant's contention that the trial court abused its discretion by denying his motion for a continuance ultimately rests, in this instance, on whether he was able to receive effective assistance of counsel. Clearly, it is not an abuse of discretion per se to deny a continuance to a defendant who has failed to use diligence to secure counsel (either retained or appointed), even if counsel is not secured until the day of trial. *See, e.g., United States v. Clark,* 456 F.2d 1375 (10th Cir.1972); *Commonwealth v. Bettencourt,* 361 Mass. 515, 281 N.E.2d 220 (1972); *see generally* Annot., 73 A.L. R.3d 725, 782–88 (1976). We further note that the court below found that by waiting nearly six months before informing the court that he was unable to retain new counsel, the Defendant had waived his right to counsel. *Cf. Frates v. Bohlinger,* 472 F.2d 149, 151 (1st Cir.1973) (per curiam) (defendant's failure to advise court before trial date that he needed counsel was at least a waiver of a right to anything beyond the most minimal postponement when counsel was ultimately sought).

■ The record before us is too sparse to enable us to determine whether the court's finding of an implied waiver was correct. Nor can we tell from this record to what extent the Defendant might actually have been deprived of effective representation. This question is ordinarily reserved for post-conviction review, pursuant to 15 M.R.S.A. §§ 2121–2131 (Supp.1983–84), unless the record shows beyond the possibility of rational disagreement that the accused was inadequately represented. *State v. Clements,* 431 A.2d 67, 69 (Me. 1981); *State v. Gilcott,* 420 A.2d 1238, 1240 (Me.1980). Because in this case the Defendant has neither instituted collateral post-conviction proceedings nor presented us with a record that incontrovertibly demonstrates inadequate assistance of counsel, we decline to rule on this matter at present.

■ The Defendant's only other contention on this appeal is that the evidence was insufficient to support the jury's guilty verdict. A conviction will be vacated only if, viewing the evidence in the light most favorable to the State, a fact finder could not rationally have found the essential elements of the crime beyond a reasonable doubt. *State v. McKenney,* 459 A.2d 1093, 1096 (Me.1983). Although the testimony of the State's chief witness appears to contain some inconsistencies and improbabilities, key aspects of it were corroborated by other witnesses. The record clearly reveals that the evidence was legally sufficient to support a finding that the Defendant participated in the theft of over $5,000.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and WATHEN and SCOLNIK, JJ., concurring.

GLASSMAN, Justice, with whom ROBERTS, Justice, joins, dissenting.

The denial of a continuance to facilitate the trial preparation of newly appointed counsel is unquestionably a matter within the sound discretion of the trial court.

*State v. Stinson*, 424 A.2d 327, 332 (Me. 1981). In my opinion, however, the presiding justice's ruling of waiver and the untimely bifurcated appointment of counsel which preceded the denial of a continuance to this defendant constituted the apparent injustice which permits a finding of abuse of discretion on review. *Id.* Furthermore, the circumstances surrounding the denial raise a presumption of ineffective assistance of counsel which precludes the need to examine the record for the demonstration of counsel's actual inadequate trial performance which the court finds lacking. *United States v. Cronic*, —— U.S. ——, ——, 104 S.Ct. 2039, 2048, 80 L.Ed.2d 657, 670 (1984). I must therefore respectfully dissent.

Once the Superior Court has ordered a defendant to retain substitute counsel within a time certain, I would place upon the court a burden of inquiry to confirm whether its order has been obeyed. Michael Pease twice appeared in Superior Court unaccompanied by counsel between the time the court permitted his original counsel to withdraw and the day his trial commenced. Each occasion was months after the court had ordered the defendant to retain counsel within ten days. A glance at the docket would have revealed to the court that no new attorney had entered an appearance on behalf of Michael Pease.

Upon learning of the defendant's indigence and lack of counsel on the morning of trial, the court appointed two separate attorneys to represent Mr. Pease. Both counsel moved for continuances as is the duty of counsel inadequately prepared to defend a criminal defendant. *State v. Stinson*, 424 A.2d 327, 331 (Me.1981). The trial court denied the continuances, preserving the objection and stating that "Mr. Pease is not entitled to counsel and not entitled to a continuance." The first attorney participated in jury selection, made a general opening statement and cross-examined the State's first witness. The court *entrusted* the remainder of Mr. Pease's de-fense to a second attorney, who took over the next day.

The ruling of the trial court that the defendant, by his failure to obtain counsel, had waived his right to counsel, was error. The right to counsel is a fundamental constitutional guarantee, and as such, its waiver must be an "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The declaration of waiver by the presiding justice directly contravenes the principle that courts "do not presume acquiescence in the loss of fundamental rights." *Id.*

There is no indication that the defendant requested continuances for manipulative purposes of interfering with the "fair, efficient and effective administration of justice." *State v. Ayers*, 464 A.2d 963, 966 (Me.1983). Judicial economy is a legitimate concern, but the court must balance scheduling difficulties with the constitutional rights of the accused. The trial court's eleventh hour appointment of two unassociated attorneys to represent the defendant and its concomitant denial of a continuance to allow counsel the opportunity to prepare a defense was "a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940).

These circumstances combined to make it so doubtful that any attorney could render effective assistance of counsel that ineffectiveness can be presumed. *United States v. Cronic*, —— U.S. ——, ——, 104 S.Ct. 2039, 2047–2048, 80 L.Ed.2d 657, 669 (1984). For denial of his sixth amendment right to counsel, Michael Pease is entitled to a new trial.