COMMONWEALTH *vs.* HERBERT E. GIBSON.

Suffolk.   January 6, 1970. — February 11, 1970.

Present: WILKINS, C.J., KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Access to photographs used in identification, Access to witnesses, Mistrial, Suppression of evidence. *Error,* Whether error harmful.

There was no error in a robbery case in the denial of a pre-trial motion that the defendant be permitted to examine photographs in the possession of the police of persons other than the defendant which were examined by witnesses to the crime who had described the robber to police and subsequently identified photographs of the defendant as photographs of the robber. [46–47]

There was no error in a criminal case in the circumstances in the denial of a pre-trial motion that the court instruct available witnesses to the crime who were not held in protective custody that defence counsel had a right to interview them and that the prosecutor had no right to instruct them not to be interviewed. [47]

Error on the part of a judge in a criminal case in denying defence counsel the right to argue a motion to suppress on the ground that the motion was not filed seasonably under Rule 101B of the Superior Court (1954), without permitting him to state the reasons for the late filing, did no harm where the evidence to which the motion was directed was struck at the trial and the jury were admonished to disregard it. [47–48]

There was no reversible error requiring the granting of a motion for a mistrial of an indictment for armed robbery where a police officer testified concerning a photograph of the defendant in possession of the police and bearing a date ten years before the robbery that "To my knowledge this was the last time he was arrested, photographed

and fingerprinted," where the court immediately ordered the testimony struck and instructed the jury to disregard it and it was not referred to thereafter. [48–49]

INDICTMENT found and returned in the Superior Court on September 10, 1968.

Pre-trial motions were heard by *Paquet, J.,* and the case was tried before *Hale, J.*

*Reuben Goodman* for the defendant.

*Paul V. Buckley,* Assistant District Attorney (*John M. Lynch, III,* Legal Assistant to the District Attorney, with him), for the Commonwealth.

REARDON, J. The defendant appeals from a conviction on an indictment charging armed robbery of the Joseph Warren Co-Operative Bank in Roxbury on July 22, 1968. The trial was held subject to the provisions of G. L. c. 278, §§ 33A–33G. Of various errors assigned by the defendant, he presses four before us. We shall deal with these seriatim, making appropriate reference to the record and transcript of evidence as may be necessary.

1. The defendant first complains that after a pre-trial hearing of his motion for discovery he was denied permission to examine photographs in possession of the police of persons other than the defendant examined by identifying witnesses. One of these, Albert Pelletier, treasurer of the bank and working as a teller when the robbery took place, who observed the robber about three minutes, called the police after the robbery had been completed. They arrived and he described the holdup man. He then went to Boston police headquarters and, having viewed over a hundred photographs, selected after some hesitation a picture of the defendant. Richard Sage, another bank employee and a university student, had a view of the robber for two and a half to three minutes. He also gave the police a description and, on the day of the robbery, the police returned to the bank with twenty-five or more pictures which he went over. He, too, identified a picture of the defendant as the robber. It is the defendant's contention that the refusal of permission to examine the photographs prevented "counsel for the

defendant from effectively testing these critical identifications," and that under *United States* v. *Wade,* 388 U. S. 218, and *Simmons* v. *United States,* 390 U. S. 377, 383, the photographs reviewed by Pelletier and Sage should have been made accessible to him likewise. Both witnesses, before they viewed the pictures, gave the police descriptions of the robber which were quite similar, they had both seen him on an occasion when the bank had been held up a month or so before, and they identified him positively at the time of trial.

While the photograph of the defendant was not a particularly recent one there was no indication of improper suggestion to the witnesses by the police. Both witnesses were evidently reliable and intelligent. We agree with the Commonwealth that to require segregation of all photographs shown to witnesses in the investigatory stage of all crimes would be to place a heavy if not intolerable burden upon investigatory processes at a time when these processes are already overtaxed, and we are not disposed to do it. In any event, the jury had before them the complete story of the photographic identifications for such weight as they chose to give it. *Commonwealth* v. *Nassar,* 354 Mass. 249, 262. See *Commonwealth* v. *Wilson,* 355 Mass. 441.

2. The defendant is not content with the denial at a pretrial hearing of his motion that the court instruct Sage and Pelletier concerning the right of defence counsel to interview them and also that the Commonwealth has no right to instruct them not to be interviewed. It appeared that the witnesses, in court at the time of a previous pre-trial hearing, were there solicited for information by defence counsel, at which time the district attorney told them they did not have to talk with him unless they so wished. We see nothing wrong here. The witnesses were not in protective custody (see *Commonwealth* v. *Carita,* 356 Mass. 132, 142–143). They were available for interview at other times and places subject to their willingness to be interviewed. *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 224.

3. At a pre-trial hearing held about a month before the

trial, defence counsel was denied the right to argue a motion to suppress on the ground that the motion had not been "filed within ten days after a plea of not guilty, or within such further time in advance of trial as the Court . . . [might] order, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." Rule 101B of the Superior Court (1954). The court before trial did not permit counsel for the defendant to state the reasons for the late filing of his motion to suppress. In accord with the flexible application of the rule provided for in the exceptional circumstances to which the rule alludes, the defendant should have been allowed his offer of proof. In this instance, however, no harm was done for the evidence to which the motion to suppress was directed was concerned with certain "decoy" money stolen in the robbery and recovered by the police and all such evidence was struck, the jury being admonished to disregard it.

4. Finally, the defendant assigned as error the refusal of the trial judge to grant a mistrial. The occasion for the request arose during cross-examination of a police officer who was testifying concerning the photograph of the defendant in possession of the police which had noted upon it the date "1–22–58." Upon inquiry as to the meaning of this notation over objection of the prosecution, the officer replied, "To my knowledge this was the last time.he was arrested, photographed and fingerprinted." The court immediately ordered the testimony to be struck and ordered the jury to disregard it. There followed the motion for a mistrial and its denial. There was no further reference to this evidence nor was it in any way alluded to in the charge. We are confronted again with the question of whether to reverse in these circumstances. While it is clear that police witnesses, particularly those with years of experience such as this officer, should be at great pains to avoid such testimony, we feel that in this case the quick corrective step taken by the court was effective. It is a matter of fairly common knowledge that the central photographic files maintained by police do not in general contain the likenesses of any save

those who have had some contact with criminal law. This fact would be appreciated by the average juryman. Sufficient harm did not spring from this testimony to give rise to reversible error, particularly in view of the quick corrective action of the court. *Commonwealth* v. *Gordon*, 356 Mass. 598.

*Judgment affirmed.*