COMMONWEALTH *vs.* JOSEPH STUBBS. February 13, 1976. This is an appeal under G. L. c. 278, §§ 33A-33G, from a conviction of armed robbery. 1. There was no error in the denial of the defendant's motion for a directed verdict. From the evidence most favorable to the Commonwealth it could have been found that approximately 7:45 P.M. on January 28, 1971, two men, one of them armed with a pistol, entered a grocery store in Lynn and robbed the manager. Within fifteen minutes, two Lynn police officers on patrol in a cruiser received a radio transmission informing them of the robbery. When they were about 2,000 yards from the store, they observed a white Chevrolet automobile, Massachusetts registration number U28-398, travelling in the opposite

direction. One of the officers recognized the driver as the defendant. As they were pursuing the Chevrolet, they observed an object being thrown from it. (The object was later recovered and identified as the pistol used in the robbery.) Two passengers jumped from the car while it was moving. They were apprehended and later identified by the store manager as the men who had entered the store and robbed him. At the time of their arrest a wallet taken from the store manager in the course of the robbery was discovered by the police on the ground near one of the men. The defendant evaded his pursuers by turning the car into a nearby parking lot. Several months later he was arrested. From these facts the jury could reasonably have inferred that the defendant had acted in concert with the other two men, that they had driven to the store together, that the defendant had waited outside, acting as a lookout, while the others were inside and that the defendant had driven the "getaway car." Thus the defendant could have been convicted as a principal. *Commonwealth* v. *Breen,* 357 Mass. 441, 447-448 (1970). See *Commonwealth* v. *Medeiros,* 354 Mass. 193, 197-199 (1968), cert. den. sub nom. *Bernier* v. *Massachusetts,* 393 U. S. 1058 (1969); *Commonwealth* v. *Pina,* 360 Mass. 139, 143 (1971). Compare *Commonwealth* v. *Perry,* 357 Mass. 149, 151 (1970); *Commonwealth* v. *Benders,* 361 Mass. 704, 707-708 (1972); *Commonwealth* v. *Clark,* 363 Mass. 467, 472-473 (1973). 2. Over the defendant's objection and exception the Commonwealth introduced a rental contract which showed that a white Chevrolet bearing registration number U28-398 had been rented on January 20, 1971, and had been returned on January 29. Later in the trial the defendant stipulated that the signature on the document was his. He concedes that the trial judge was warranted in making the preliminary findings of fact which are prerequisites for the admissibility of such a document, but he now argues that the judge committed reversible error in failing to submit those questions of fact to the jury, as required in criminal proceedings by G. L. c. 233, § 78. Since the defendant took no exception to this omission, there was no reversible error. See *Commonwealth* v. *Devlin,* 335 Mass. 555, 563 (1957). 3. During direct examination of a police officer, counsel for the defendant elicited a response that the Chevrolet had been seen "in the vicinity of a recent holdup." Counsel was instructed by the court "to be careful in your questions." Thereafter, when the witness was asked by counsel for the defendant to read from a police report (which counsel for the defendant had inspected), he read that another officer "had noted [the Chevrolet] in a recent holdup." Counsel for the defendant moved for a mistrial. The trial judge denied the motion and immediately instructed the jury to disregard the statement. There was no error in denying the motion for a mistrial. That the witness would refer to another crime in reading from the report was readily foreseeable by counsel. The judge's prompt and forceful instructions cured any prejudice which might have resulted from the response of the witness. See *Commonwealth* v. *Scott,* 355 Mass. 471, 475-476 (1969); *Commonwealth* v. *Gibson,* 357 Mass. 45, 48-49, cert. den. 400 U. S. 837 (1970); *Commonwealth* v. *Richards,* 363 Mass. 299, 309-310 (1973); *Commonwealth* v. *Stone,* 366 Mass. 506, 512-513 (1974).

*Judgment affirmed.*

*John Charles McBride* for the defendant.

*Charles C. Dalton,* Assistant District Attorney, for the Commonwealth.