**UNITED STATES of America, Appellee,**

v.

**Maurice LEMUS, Appellant.**

No. 76–1282.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 13, 1976.

Decided Oct. 6, 1976.

Melvyn Kessler, Miami, Fla. (William P. Williams, Norfolk, Va. [court-appointed], on brief), for appellant.

J. Brian Donnelly, Asst. U. S. Atty., Virginia Beach, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Defendant, Maurice Lemus, was indicted on charges of bank robbery, in violation of 18 U.S.C. § 2113(a), (d). He was tried before a jury in the Eastern District of Virginia and found guilty as charged. This appeal ensued.

Lemus raises three principal contentions for review: (1) failure of the prosecution to disclose certain medical records, as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Jencks Act, 18 U.S.C. § 3500; (2) failure of the evidence to support a finding that Lemus was competent at the time of the offense charged; and (3) the issuance of improper and prejudicial instructions, authorizing the jury to discuss the case among themselves prior to retiring.

We find no merit in appellant's first two contentions. (1) Disclosure under *Brady* or the Jencks Act is predicated upon a prior request by defense counsel, specifying the material(s) sought. The record indicates that no request for the medical reports was ever made, even though Dr. Harold B. Fain, to whom the reports were made and who presumably possessed them, was a government witness at trial and was subjected to cross-examination by defendant's counsel. (2) Competency was primarily established by the testimony of Dr. Fain, who was a psychiatrist employed by the United States Medical Center for Federal Prisoners. This testimony was supported by a written evaluation of Lemus, compiled by Dr. Fain, while the former was committed to the Center for observation and study. We believe that the evidence amply justifies the finding made.

Defendant's third contention warrants some discussion. Twice during the trial the district judge advised the jury on the propriety of consultations before retiring. On each occasion the district judge suggested that discussion among the jury members

was "entirely proper." Both times defendant objected to the district court's instruction.

■ An instruction, such as given by the district court, if made in the abstract, would be contrary to prevailing law and would clearly jeopardize defendant's rights to a fair trial. *Winnebrenner v. United States,* 147 F.2d 322, 326–29 (8 Cir.), cert. denied, 325 U.S. 863, 65 S.Ct. 1197, 89 L.Ed. 983 (1945). However, the context within which these instructions were given renders any error "harmless." F.R.Crim.P. 52(a).

■ The first instruction was coupled with a lengthy admonition to the jury, in which the district judge advanced all of the reasons why jurors should not discuss the evidence and instructed them to refrain from reaching any conclusions until all the evidence was submitted and an appropriate charge given. We think the language used and the emphasis placed upon open-mindedness minimized any danger to defendant. The jury could only have been left with the impression that discussion was premature and ill-advised. The second instruction was given immediately after closing argument, and the jurors were then excused for the evening. They were recalled the following morning to receive the district court's charge. In this posture, it is highly unlikely that the instruction triggered additional debate. Even if it did, the ensuing dialogue could only have reflected the totality of the evidence, not any portion thereof.

We conclude therefore that, to the extent the district court erroneously told the jury that it might discuss the evidence before the case was formally submitted to it, the error was not substantial and does not warrant overturning defendant's conviction.

AFFIRMED.