621 F.2d 460
 Dennis W. MEGGS, Plaintiff, Appellant,
v.
Michael V. FAIR, Superintendent of Massachusetts
Correctional Institution at Norfolk, Massachusetts; and
Frank A. Hall, Commissioner of Correction, Commonwealth of
Massachusetts, Defendants, Appellees.
 No. 79-1504.
 United States Court of Appeals,
First Circuit.
 Argued Feb. 6, 1980.
Decided May 12, 1980.
 
 1
 Conrad W. Fisher, Worcester, Mass., with whom Fisher & Helfenbein, Worcester, Mass., was on brief, for plaintiff, appellant.
 
 
 2
 Joseph P. Gordon, Jr., Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Asst. Atty. Gen., Chief, Criminal Bureau, and Barbara A. H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Section, Boston, Mass., were on brief, for defendants, appellees.
 
 
 3
 Before ALDRICH and BOWNES, Circuit Judges, PETTINE, Chief District judge.*
 
 
 4
 PETTINE, Chief District Judge.
 
 
 5
 Petitioner Dennis W. Meggs, currently serving a state court sentence following his conviction for rape and armed assault, filed a petition for habeas corpus alleging, in the following order, various errors of a constitutional magnitude at his trial.
 
 
 6
 1. The court's instructions to various witnesses not to talk to defense counsel during recess deprived defendant of the right to effective assistance of counsel.
 
 
 7
 2. The admission of voice identifications by four witnesses violated defendant's rights because he had not been "advised that a voice identification was going to take place nor was he afforded the opportunity to have counsel present . . . ."
 
 
 8
 3. The court erred in excluding testimony regarding defendant's unfinished work, offered to show that he did not have time to be at the scene of the crime.
 
 
 9
 4. The refusal of the court to order production of photographs used for identification purposes and to permit cross-examination concerning the photographic identification deprived defendant of exculpatory evidence and of effective assistance of counsel.
 
 
 10
 5. The court erred in instructing the jurors that they might discuss the evidence inter sese provided they did not make up their minds until the end of the case.
 
 
 11
 By agreement, the trial transcript was made a part of the district court record, together with the opinion of the Massachusetts Appeals Court denying the appeal, the application to the Supreme Judicial Court for further review, and the order denying it. No other evidence was presented. The district court dismissed the petition with a memorandum opinion.
 
 
 12
 Our first question is the scope of review, having in mind that no issue can come before us as to which the defendant has not exhausted his state court remedies. Pitchess v. Davis, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Salemme v. Ristaino, 587 F.2d 81, 86 (1st Cir. 1978); 28 U.S.C. § 2254(b), (c). In his brief to the Massachusetts Appeals Court, the defendant made, basically, eight points covering a large number of exceptions, including some matters to which no exceptions had been taken at trial. Rather than analyzing these points in detail, we will assume that they were essentially the ones made in the present petition, with some others that have not been pursued. After the Appeals Court had ruled against him in all respects, defendant unsuccessfully sought further review by the Supreme Judicial Court. His application for review made points 1, 2, 3 and 5 herein. No attempt was made to seek review of the Appeals Court disposition of the matter of the absent photographs and their identification.
 
 
 13
 We have gone into this matter at length because to reverse a state court conviction is a serious matter, and we have no inclination to depart from the settled principle of federal-state comity that the state must have "the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Picard, 404 U.S. at 275, 92 S.Ct. at 512. That the district court considered issues not raised in the petitioner's application to the Supreme Judicial Court is irrelevant. We thus consider only points 1, 2, 3 and 5. Furthermore, we consider point 2 only to the extent that it was presented to the Supreme Judicial Court and, for that matter, in the petition herein namely that defendant had a right to be advised that his voice was being listened to, and to obtain counsel. The claim that, independently of these alleged rights, the particular proceeding was unduly suggestive was never raised in, nor considered by, the Supreme Judicial Court. Accordingly, it is not open here. As Picard pointed out in reversing our more liberal approach, the issue before us is not the ultimate result, but only the correctness of a route previously explored. The factual issue of suggestiveness is a separate route. Cf. Commonwealth v. Gibson, 357 Mass. 45, 47, 255 N.E.2d 742 (1970).
 
 
 14
 We now address those issues properly before us.
 
 
 15
 I. PROHIBITION AGAINST TALKING TO WITNESSES AT RECESS
 
 
 16
 On several occasions prior to a recess, the trial judge instructed the prosecution witness then on the stand not to talk to anyone except the assistant district attorney during the break. Petitioner claims that this prohibition deprived him of his right to the effective assistance of counsel by hindering his attorney's ability to properly investigate and prepare his case. In support of this claim, petitioner cites three cases that support the proposition that defense counsel should be accorded as of right the opportunity to interview prospective witnesses. See Commonwealth v. Doherty, 353 Mass. 197, 229 N.E.2d 267 (1967); Commonwealth v. Balliro, 349 Mass. 505, 209 N.E.2d 308 (1965); Wisniewski v. State, 54 Del. 84, 138 A.2d 333 (1957).
 
 
 17
 We have no quarrel with these cases, but conclude that they are inapposite. All three cases involve situations in which defense counsel was denied the opportunity before trial to interview witnesses held in protective custody or under state subpoena. In the instant case, there is no evidence that petitioner's attorney was denied access to government witnesses prior to trial. Moreover, the Supreme Court has recognized a trial judge's broad discretion to sequester non-party witnesses before, during, or after their testimony. Geders v. United States, 425 U.S. 80, 87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976).
 
 
 18
 Although the reasons for the trial judge's prohibition are not altogether clear, an examination of the record suggests that the judge's primary consideration was to shelter the witnesses from outside influences.[1] In the absence of evidence that defense counsel requested and was denied the opportunity to interview prospective government witnesses before trial, we cannot say that the trial judge abused his discretion by prohibiting the witnesses from consulting with anyone other than the assistant district attorney during recesses in their testimony.
 
 II. SELF-INCRIMINATION
 
 19
 The fact that the voice identification was conducted without the petitioner's knowledge and without the presence of counsel does not violate the fifth amendment protection against self-incrimination. The privilege against self-incrimination is not available when evidence is neither testimonial nor communicative in nature. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Because petitioner has not demonstrated that his statements at the police station were used for any purpose other than voice identification, we find no violation of the fifth amendment.
 
 III. EXCLUSION OF QUESTION TO EMPLOYER
 
 20
 The petitioner's next argument is that the trial court committed constitutional error by preventing his attorney from asking Meggs' employer the following question:
 
 
 21
 Q. And how much more work did Dennis Meggs have to do when you went out to dinner?Arguing that a criminal defendant has the right to introduce evidence to show that he did not have the opportunity to commit the alleged crime, petitioner contends that the exclusion of this question was reversible error.
 
 
 22
 An examination of the record reveals that the question was excluded because of its form. Nothing prevented the defendant from either rephrasing the question or establishing by other means that Meggs did not have the opportunity to commit the crime because he was at work. Because the error alleged is not one of constitutional dimension, it may not serve as a basis for issuance of the writ of habeas corpus.
 
 
 23
 IV. JUDGE'S INSTRUCTION TO JURY THAT THEY COULD DISCUSS THE CASE
 
 
 24
 Several times during the trial, the judge instructed the jury about the propriety of discussing the case prior to the final submission of evidence. The following instruction given at the conclusion of the second day of trial is illustrative:
 
 
 25
 THE COURT: All right. We'll stop here until tomorrow at ten o'clock.
 
 
 26
 Madam forelady and members of the jury, it's only natural that you're going to talk about this case at recesses and probably at lunchtime, and it's perfectly all right to talk about a witness' testimony. In other words, it might be that you might ask another juror did she say that? What was your understanding of what she said. That's perfectly all right.
 
 
 27
 The only thing I want to caution you on is not to come to a conclusion. Don't commit yourself one way or the other until you hear all the evidence and hear arguments and then my instructions. That's all I want to make sure that I get across to you.
 
 
 28
 Don't commit yourself. Don't make up your mind in any way until after the case is over.
 
 
 29
 Transcript at 356.
 
 
 30
 Petitioner contends that the instruction that the jury could "talk about the evidence" undermined his sixth amendment right to a fair trial before an impartial jury. The record reveals that petitioner failed to raise his objection to this instruction at trial.
 
 
 31
 Although courts are in general agreement that there is no constitutional requirement that a judge admonish a jury that its members should not discuss a case until final submission, see, e. g., United States v. Nance, 502 F.2d 615 (8th Cir. 1974); United States v. Klee, 494 F.2d 394 (9th Cir. 1974); United States v. Carter, 430 F.2d 1278 (10th Cir. 1970); Rotolo v. United States, 404 F.2d 316 (5th Cir. 1968); United States v. Viale, 312 F.2d 595 (2d Cir. 1953), this case involves the somewhat unusual situation of a judge affirmatively advising the jury that "it's perfectly all right to talk about a witness' testimony."
 
 
 32
 The two courts that have considered such an affirmative instruction are divided. In Winebrenner v. United States, 147 F.2d 322 (8th Cir. 1945), the trial judge, over the defendant's objection, admonished the jury that while they should not discuss the case with others, they might discuss it among themselves. In holding that this instruction deprived the defendant of due process of law, the court of appeals reasoned that the instruction in effect shifted the burden of proof by placing upon the defendant the task of refuting opinions formed by the jury at the conclusion of the prosecution's case. This, the court stated, violated the principle that an accused is entitled to be heard before he is condemned.
 
 
 33
 In a more recent case, United States v. Lemus, 542 F.2d 222 (4th Cir. 1976), the trial judge, over the defendant's objection, suggested to the jury that discussion among its members was entirely proper. After acknowledging that such an instruction "if given in the abstract" would clearly jeopardize the defendant's right to a fair trial, the court of appeals found that the context within which this instruction was given rendered any error harmless. According to the court, the instruction was accompanied by a lengthy admonition to the jury, in which the trial judge advanced all of the reasons why jurors should not discuss the evidence and instructed them to refrain from reaching any conclusions until all the evidence was submitted and an appropriate charge given. The court concluded that this admonition as to open-mindedness minimized any danger to the defendant. Id. at 224.
 
 
 34
 In light of the defendant's failure to raise the present objection at trial, we decline to take a definitive stand on this delicate issue. We note, however, that the judge's admonition to the jury members not to commit themselves until "you hear all the evidence and hear arguments and then my instructions" minimized any danger to the defendant.
 
 CONCLUSION
 
 35
 The district court's dismissal of the petition for a writ of habeas corpus is affirmed.
 
 
 
 *
 Of the District of Rhode Island, sitting by designation
 
 
 [1]
 When defense counsel originally objected to the judge's directive, the following bench conference took place:
 MR. LEVENTHAL: I couldn't take an exception before because your Honor left the bench but I do make objection and exception to your Honor's instruction that she could talk to the District Attorney and to no one else.
 THE COURT: Yes.
 MR. LEVENTHAL: And the Commonwealth v. Bolero (Balliro) says that she can talk to anybody and anybody can talk to her.
 THE COURT: Providing you request it but nobody requested that you talk with her. What I was doing is protecting your clients so they (the witnesses) wouldn't talk with other people other than the District Attorney so you would have uninterrupted cross-examination.
 MR. LEVENTHAL: Thank you.
 Transcript at 55-56.