COMMONWEALTH *vs.* KEVIN C. PURVIS. July 17, 1984. *Witness,* Cross-examination. *Identification. Jury and Jurors.*

The defendant was convicted after a jury trial on an indictment charging breaking and entering a dwelling during the nighttime with intent to commit a felony, being armed with a dangerous weapon and making assault on a person therein, G. L. c. 266, § 14.

1. During the course of defense counsel's examination of the victim at a hearing on a motion to suppress identifications, the judge on one occasion

sustained a Commonwealth objection to an unclear question. Defense counsel made no attempt to determine the grounds of the judge's ruling; instead, defense counsel simply continued, without objection by the Commonwealth, the general line of inquiry. The objection was sound both because the question was unclear and because the attorney was asking a repetitive question. In any event, we see nothing in the record which establishes that the judge intended to place any limitation on the scope of examination. See *Commonwealth* v. *Walker*, 370 Mass. 548, 572 (1976).

2. Three arguments are raised to attack the failure to grant the motion to suppress in-court and out-of-court identifications. The defendant argues for the first time on appeal that the Commonwealth's inability to produce the entire group of photographs from which the defendant's picture was thrice selected creates a presumption that the identification procedure was "impermissibly suggestive" and cites as support *United States* v. *Sanchez*, 603 F.2d 381, 384-385 (2d Cir. 1979), and *Branch* v. *Estelle*, 631 F.2d 1229, 1234 (5th Cir. 1980). However, the facts of the present case are controlled in every detail by the holding of *Commonwealth* v. *Gibson*, 357 Mass. 45, 47, cert. denied, 400 U.S. 837 (1970), and its progeny. See *Commonwealth* v. *Brown*, 376 Mass. 156, 161-164 (1978); *Commonwealth* v. *Clark*, 378 Mass. 392, 402-403 (1979); *Commonwealth* v. *Clark*, 3 Mass. App. Ct. 481, 484-485 (1975); *Commonwealth* v. *Meggs*, 4 Mass. App. Ct. 773 (1976); *Commonwealth* v. *Walker*, 14 Mass. App. Ct. 544, 549-550 (1982).

There is no evidence that the photographic identification prejudiced the defendant, nor is there merit to the defendant's contention that a lineup should have been used. "That a lineup was possible does not require automatic exclusion of other identification procedures. *Commonwealth* v. *Storey*, 378 Mass. 312, 317 (1979)." *Commonwealth* v. *Mattias*, 8 Mass. App. Ct. 786, 789 (1979).

In support of his contention that the identifications made by the victim were the products of impermissibly suggestive police procedures which gave rise to a very substantial likelihood of mistaken identification, the defendant would have the court add to the trial judge's subsidiary findings (which we leave intact) several purportedly suggestive factors: the victim's fatigue caused by the late hour (1:00 A.M.); the impact of a repeated showing of the same photograph in three different photographic arrays; and a finding that the victim knew, at the time he went to the identification procedure, that the police had a suspect matching the description he had given. Even if we were to adopt these additions, the defendant's argument for suggestiveness still remains far less persuasive than those rejected in *United States* v. *Eatherton*, 519 F.2d 603, 605-609 (1st Cir.), cert. denied, 423 U.S. 987 (1975), and *Commonwealth* v. *Avery*, 12 Mass. App. Ct. 97, 99-102 (1981).

3. The defendant finally contends that there was a lack of compliance with procedures set forth in *Commonwealth* v. *Fidler*, 377 Mass. 192 (1979), for coping with purported disturbing and extraneous influences on

the jury. The argument is that the jury, while in the courtroom after they had commenced their deliberations, observed the defendant wearing "male high-heeled" shoes and that this viewing may have tainted the jury's deliberations regarding identification in a case where height was a critical issue. We hold that, as matter of law, the jury's observations of the defendant and his clothing in the open courtroom do not constitute an "extraneous disturbing influence," *Commonwealth* v. *Oram*, 17 Mass. App. Ct. 941, 942 (1983), calling for inquiry under the *Fidler* procedures.

> *Judgment affirmed.*
> *Order denying motion for a new*
> *trial affirmed.*

*John H. Cunha, Jr.*, for the defendant.
*Paul J. McCallum*, Assistant District Attorney, for the Commonwealth.