COMMONWEALTH *vs.* ANGEL L. REYES. April 18, 1985. *Evidence,* Business record, Telephone bill.

After a trial in the jury-of-six session in the Municipal Court of the City of Boston, the defendant was convicted of entering without breaking a

dwelling in the nighttime and committing a larceny therein. G. L. c. 266, § 18. His sole claim on appeal is that the judge erred when he admitted in evidence a telephone bill of the victim.

It was the Commonwealth's contention that the defendant, who had a key to the victim's residence, lured the victim away from the premises by a telephone call requesting a ride from Dudley Station, about fifteen minutes' travel time from the victim's apartment; that the call in fact came from the variety store across the street from the apartment house; and that the defendant and another entered the premises and stole items therein while the victim was driving to and from Dudley Station. In support of its theory, the Commonwealth offered (1) the testimony of the victim that he had received such a call at approximately 5:30 P.M. on January 25, 1984, and (2) the victim's telephone bill for the month of January, which listed a collect call to the victim at 5:27 P.M. from a telephone number which the victim identified as that of the variety store.[1] Prior to trial, the defendant filed a motion in limine seeking to exclude the telephone bill on the ground that it was hearsay which came within none of the exceptions to the rule. His sole argument before the judge was that the victim "himself is not in business" and did not make, but only received, the document. See *Wingate* v. *Emery Air Freight Corp.,* 385 Mass. 402, 409 (1982) (Liacos, J., concurring). The judge denied the motion in limine and, at trial, allowed, over objection, the admission in evidence of the telephone bill. There was no error.

Although the victim was not in business, it is clear that the telephone company is and that its internal records concerning source, destination, date and timing of particular telephone calls are admissible in evidence. *Commonwealth* v. *Bonomi,* 335 Mass. 327, 345 (1957). Contrast *Wingate* v. *Emery Air Freight Corp.,* 385 Mass. at 406-407 (where information was not reported as a matter of business duty or business routine and therefore lacked the necessary indicia of reliability). "The action of the judge in admitting the records in evidence imports a preliminary finding that the conditions imposed by [G. L. c. 233,] § 78, had been satisfied," *Commonwealth* v. *Baker,* 368 Mass. 58, 84 (1975), "[s]ince there was no evidence to the contrary . . . ." *Commonwealth* v. *Monahan,* 349 Mass. 139, 170 (1965). See *Commonwealth* v. *Greenberg,* 339 Mass. 557, 579 (1959). Contrast *Commonwealth* v. *Patterson,* 4 Mass. App. Ct. 70, 75-76 (1976) (where the trial judge excluded a "customer copy of long-distance telephone calls" after testimony that the original records had been destroyed, and there was an "absence of . . . proof that what was offered was a copy or a duplicate original of some accounting entry, writing or record which the telephone company had made in the regular course of its business"; in upholding the trial judge, this court also noted that there was no indication in the document of the time of day when the call was received and that the copy was cumulative of other evidence).

---

[1] There was no objection to the victim's testimony on this point.

It is apparent to us that bills such as the one received by the victim are records which are transcribed from the type of record offered in *Commonwealth* v. *Bonomi, supra,* and that they are also admissible under G. L. c. 233, § 78. See *Saba* v. *Cohen,* 333 Mass. 557, 558-559 (1956). It is not objectionable that the actual document introduced in evidence was produced after the commencement of litigation (the victim having sworn out a complaint the day after the incident), where "[t]he . . . record itself was stored in the regular course of business . . . before this proceeding began . . . ." *Commonwealth* v. *Hogan,* 7 Mass. App. Ct. 236, 252, aff'd, 379 Mass. 190 (1979). Contrast *Simon* v. *Solomon,* 385 Mass. 91, 106 n.10 (1982) (where the telephoned complaints "were recorded after this suit commenced, and therefore were not admissible for their truth under the 'business records' exception to the hearsay rule"). That the keeper of the records did not testify does not render the records inadmissible. *Commonwealth* v. *Monahan, supra* at 170. It was within the discretion of the trial judge to require the Commonwealth to produce the original records or the maker of the questioned entry. G. L. c. 233, § 78.

The defendant, of course, was entitled to have "all questions of fact which must be determined by the court as the basis for the admissibility of the evidence involved . . . submitted to the jury . . . ." G. L. c. 233, § 78, as appearing in St. 1954, c. 442, § 1. This the judge, however, omitted to do. "As it does not appear that the omission was brought to [the judge's] attention [or] that any [objection] was taken to his failure to instruct the jury . . . , there was no reversible error in respect to it." *Commonwealth* v. *Devlin,* 335 Mass. 555, 563 (1957). *Commonwealth* v. *Stubbs,* 4 Mass. App. Ct. 777, 778 (1976).

*Judgment affirmed.*

*John H. Cunha, Jr.,* for the defendant.
*David B. Mark,* Assistant District Attorney, for the Commonwealth.